# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **WIRELESS ENVIRONMENT, LLC,** | ) | **CASE NO.  1:15CV1215** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **HOOTOO.COM, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT#16) of Defendants, HooToo.com, Inc. and Sunvalleytek International, Inc., to Dismiss for Lack of Personal Jurisdiction and for Improper Venue or, in the Alternative, to Transfer Venue.  For the following reasons, the Motion is granted in part and the captioned case is dismissed for lack of personal jurisdiction over the Defendants.

## I. BACKGROUND

Plaintiff Wireless Environment, LLC originally brought this case on June 16, 2015, against HooToo d/b/a/ Taotronics and Sunvalleytek, for patent infringement, trademark infringement, copyright infringement, deceptive trade practices and unfair competition. Wireless, an Ohio limited liability company, developed a number of wireless lighting solutions, including a line of indoor/outdoor portable light-emitting diode (LED) products, in particular, Mr. Beams® MB390™ UltraBright LED Wireless Motion Sensor Spotlight and Mr. Beams® MB723™ MotionSensor LED Stick Anywhere Nightlight.  In the operative

Second Amended Complaint, Wireless alleges that Defendants market, make, use, import, sell and offer for sale products that infringe Plaintiff's patent and trademark rights and, also, advertise these products to consumers in Ohio.  Defendants import the allegedly infringing spotlights and nightlights from China and sell them under the trademark TAOTRONICS. Hootoo is the alleged owner of this trademark.

Sunvalleytek is a California corporation that sells small consumer electronics via websites and channels such as Amazon.com.  Sunvalleytek currently has 23 employees, all of whom work out of San Jose, California.  HooToo is a California corporation which is an intellectual property holding company.  It does not have any employees and does not own or lease any real property or physical assets.

Neither Sunvalleytek nor HooToo has ever been incorporated in, registered to do business in, or otherwise licensed to do business in the state of Ohio.  Defendants have never been required to pay any sales tax or other taxes in Ohio.  Neither Sunvalleytek nor HooToo has any real property, personal property, inventory, assets or bank accounts in the state of Ohio.  Sunvalleytek does not have any employees, managers, officers, directors, salespersons, sales agents or other personnel in any location other than San Jose, California and China.

Sunvalleytek sells its products through Amazon.com on the internet; and a small fraction of its products, amounting to 2% of U.S. sales, were sold to Ohio residents during the relevant time period.  Defendants' website, taotronics.com, also advertises the accused products, but directs customers through a link to Amazon.com to complete a purchase.  The price of the products is determined solely by Defendants.  Amazon collects payment from a purchaser and fills the customer's order by shipping the product from one of its fulfillment

-2-

centers.  Amazon maintains a fulfillment center in Ohio.  After Amazon collects the payment, it submits the payment to Defendants, less a referral fee and a fulfillment fee.  Sunvalleytek provides warranties and logistical and customer support for the products.

Defendants also utilize Amazon.com to advertise the nightlight and spotlight products at issue here, by way of keywords or a user's browser history.  For example, Defendants purchased keywords, such as "night [space] light," through a bidding process with Amazon, so that advertisements for the accused products appear when those keywords are searched.  At other times, ads may pop up automatically because of a computer user's search history.

Defendants move for dismissal, arguing that exercising jurisdiction over them in Ohio would offend "traditional notions of fair play and substantial justice."  While Sunvalleytek has transacted some business in Ohio, neither Sunvalleytek nor HooToo purposefully availed itself of the State of Ohio nor created a substantial enough connection with the State to meet Due Process requirements for jurisdiction.  Alternatively, Defendants argue that the Northern District of California would be a more appropriate forum, should this action not be dismissed.

For its part, Wireless asserts that Defendants are purposefully availing themselves of the ability to advertise, promote, sell and ship their Taotronics-brand products into Ohio through "Fulfillment by Amazon."  Defendants are also following up with Ohio consumers regarding support, product warranties and future product promotions.  Through the Amazon e-commerce platform, Defendants have been advertising and selling a nightlight and spotlights, imported from their affiliates in China, which infringe Wireless's intellectual property rights, causing injury to this Solon, Ohio company.

## II. LAW AND ANALYSIS

**Personal Jurisdiction**

The plaintiff bears the burden of showing that a federal court has personal jurisdiction over the defendant.  However, when the court relies solely on written materials and affidavits, that burden is relatively slight; and the plaintiff must make only a prima facie showing that personal jurisdiction exists.  *Air Prods. & Controls, Inc. v. Safetch Int'l, Inc.*, 503 F.3d 544 549 (6th Cir.2007).  The court must view the pleadings and affidavits in a light most favorable to the plaintiff; and when the court disposes of a Rule 12(b)(2) motion without an evidentiary hearing, it does not consider facts proffered by the party seeking dismissal.  *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir.1998); *see CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262-63 (6th Cir.1996).

The court must first determine whether personal jurisdiction is proper under the forum state's long-arm statute  — in this instance, Ohio Revised Code 2307.382.  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir.2002); *Sterling Jewelers, Inc. v. M & G Jewelers, Inc.*, No. 5:14CV2030, 2015 WL 545778 at *1 (N.D.Ohio Fed.10, 2015).  If it is, then the court decides whether exercising that jurisdiction is consistent with the Due Process Clause of the United States Constitution.  *Bird, id.*

Defendants do not dispute that the basic requirements of Ohio's long-arm statute are met here.  (Reply Brief, ECF DKT #36 at 4).  Therefore, it is unnecessary for the Court to go through the analysis of Ohio Revised Code 2307.382 (1), (3) and (4).

**Due Process**

The Court must now analyze whether exercising jurisdiction over Sunvalleytek and

HooToo comports with Fourteenth Amendment Due Process.  The Due Process inquiry examines whether a nonresident defendant has sufficient contacts with the forum state such that the exercise of jurisdiction satisfies "traditional notions of fair play and substantial justice."  *Patterson*, 89 F.3d at 1263 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The Sixth Circuit articulates a three-part test:  (1) the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.  *Patterson*, 89 F.3d at 1263; *S. Mach. Comp. v. Mohasco Indus., Inc*., 401 f.2d 374, 381 (6th Cir.1968).

With respect to purposeful availment, the Sixth Circuit has adopted the "stream of commerce plus" approach, under which "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposely directed toward the forum state."  *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 479-80 (6th Cir.2003) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 112 (1987)).

Personal jurisdiction requires a forum-by-forum analysis.  *J. McIntyre Mach. v. Nicastro*, 564 U.S. 873, 131 S.Ct. 2780, 2789 (2011).  "The question is whether a defendant has followed a course of conduct directed at the society or economy within the jurisdiction of a given sovereign."  *Id.*  Since the Supreme Court in *Nicastro* did not resolve the circuit split between the "stream of commerce" and the "stream of commerce plus" approach, the Sixth

Circuit's "stream of commerce plus" approach, outlined in *Bridgeport*, continues to control. *One Media IP Limited v. S.A.A.R.*, 122 F.Supp.3d 705, 717 (M.D.Tennessee 2015).

**Defendant HooToo, Inc.**

While Wireless consistently uses the plural "Defendants" throughout its pleadings and briefing, all of the sales, advertising and promotional activities cited in support of jurisdiction in Ohio are Sunvalleytek activities and not HooToo's. Wireless does not dispute that HooToo is an intellectual property holding company, with a "mail drop" office location in California and no employees. Allen Fung, the General Manager of Sunvalleytek and CEO of HooToo, testified on deposition that the HooToo website does not offer products like the nightlight and spotlight for sale. (ECF DKT #28 *SEALED* at 29, 39). HooToo does not sell or advertise any products and has no physical or internet connections with the state of Ohio. Plaintiff has no contrary evidence.

The Court finds that Defendant HooToo has not purposefully availed itself of the privilege of acting in Ohio or causing a consequence in Ohio. The Rule 12(b)(2) Motion to Dismiss is granted as to Defendant HooToo, Inc.

**Defendant Sunvalleytek International, Inc.**

Wireless argues that Defendants' sales by "Fulfillment by Amazon" to consumers in a state demonstrate purposeful availment with regard to that state. Wireless outlines examples of Defendants' activities in an effort to show "their intentional and purposeful business strategy" to use "fulfillment by Amazon" to sell their products in Ohio:

- They list and sell the accused products on Amazon.com and the sales are accomplished by "Fulfillment by Amazon."

-6-

- They direct consumers, who access the taotronics.com website, to Amazon in order to purchase the accused products.

- They set and control pricing and promotional sales for the accused products.

- Amazon collects payment on behalf of Defendants and ships the products from its fulfillment centers.  Ohio has Amazon fulfillment centers.

- Amazon pays Defendants on a regular, weekly basis for the sales, less Amazon's fees.

Sunvalleytek does not dispute some contacts with Ohio, but asserts that the contacts are insufficient to show that the company purposefully availed itself of the privilege of acting in the State of Ohio.  (Reply Brief, ECF DKT #36 at 6).  Approximately 2% of Sunvalleytek's total U.S. sales are in Ohio; but the Court disagrees with Sunvalleytek's contention that the quantity of sales is determinative.  Sunvalleytek also points out that its website does not target Ohio residents, but merely provides a link to Amazon.com for any potential customers with Internet access.

What is significant to the Court's Due Process inquiry is whether Sunvalleytek's "overt actions" connect it with the forum state of Ohio.  "As to websites, a defendant purposely avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state."  *One Media*, 122 F.Supp.3d at 717, citing *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883 (6th Cir.2002).  The facts supplied by Wireless do not establish that Sunvalleytek's website allows users to place orders nor store users' personal information, including names, email addresses, phone numbers and credit card data.  There is no evidence

-7-

that Sunvalleytek designed nightlights or spotlights for the Ohio market.  Although Sunvalleytek made use of keywords and pop-ups from browser histories, there is no evidence that Sunvalleytek directed advertising or promotion of the accused products specifically to residents of the State of Ohio.  Sales, marketing and advertising conduct aimed, through the services of a third-party like Amazon, to the United States market in general is insufficient to satisfy Due Process requirements under the Sixth Circuit's "stream of commerce plus" approach.  *See Lum v. Mercedes Benz, USA*, 433 F.Supp.2d 853, 856 (N.D.Ohio 2006).  The Court finds that Sunvalleytek has not purposefully availed itself of the privileges of doing business in Ohio.  Personal jurisdiction does not exist and the Court will not address the remaining prongs of the Due Process analysis.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT#16) of Defendants, HooToo.com, Inc. and Sunvalleytek International, Inc., to Dismiss for Lack of Personal Jurisdiction and for Improper Venue or, in the Alternative, to Transfer Venue is granted in part; and the captioned case is dismissed for lack of personal jurisdiction over the Defendants.  Because the Court has found that it lacks personal jurisdiction, it need not address the Defendants' venue arguments.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  August 30, 2016**

-8-